[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
The defendant seeks modification of the alimony and child support orders in this matter based on a substantial change in circumstances.
At the time the order was entered, the defendant's net income was $1,229.26 per week. He had home equity of $13,800.00 and little savings. He listed expenses of $1,948.27 per week. He owned a home worth $100,000.00 encumbered by a $86,200.00 mortgage.
The plaintiff had income of $839.00 per month and expenses of $1,625.00 per month.
The defendant whose income is tied to auto sales has suffered a reduction in income. He has also, since the last hearing encumbered himself with a $195,000.00 mortgage on a home he owns jointly with his current wife. The plaintiff now has income of $627.60 per week and expenses of $665.77 per week. The defendant has $3,700.00 in savings and a vested CT Page 7459 pension.
After recalculating the defendant's weekly tax liability and pension contributions, he has available to him in excess of $900.00 per week. (he files jointly, has five exemptions and $25,000.00 in deductible interest payments).
The after tax alimony and child support available to the plaintiff is approximately $346.00.
Since the time of the last court orders, the child support guidelines have been enacted. Based on these guidelines, the defendant's child support obligation would be $350.00 per week if he made only $750.00 per week.
Here the court has a host of competing factors. The defendant has remarried and has a child of that marriage. His financial obligations, especially his mortgage, were based on his higher income.
By agreement of the parties, orders are to be retroactive to June 27, 1990. The court orders that alimony be modified to two hundred and fifty dollars per week. In addition, the plaintiff shall have the right to claim the minor children as exemptions for tax purposes.
BY THE COURT, ELAINE GORDON, JUDGE